IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMC COBB HOLDINGS, LLC;<br>AMC UPSON HOLDINGS, LLC; and<br>AMC WHITFIELD HOLDINGS, LLC,<br><br>    Plaintiffs,<br><br>          v.<br><br>PLAZE, INC. AND APOLLO AEROSOL<br>INDUSTRIES LLC (d/b/a PLAZE GEORGIA),<br><br>    Defendants. | Civil Action No.<br>1:18-cv-04865-SDG |

## ORDER

This matter is before the Court on Defendants Plaze, Inc. ("Plaze") and Apollo Aerosol Industries LLC's (d/b/a Plaze Georgia) ("Apollo") Partial Motion to Dismiss [ECF 5] Plaintiffs AMC Cobb Holdings, LLC ("AMC Cobb"), AMC Upson Holdings, LLC ("AMC Upson"), and AMC Whitfield Holdings, LLC's ("AMC Whitfield") Complaint [ECF 1]. For the reasons set forth below, Defendants' motion is **DENIED**.

**I.    BACKGROUND**

Plaintiffs filed their 16-count Complaint on August 31, 2018, alleging contract and tort claims against Apollo and Plaze concerning the condition of three commercial properties owned by Plaintiffs and currently or previously leased by

Apollo.[1] On October 22, 2018, Plaintiffs' Complaint was removed to this Court from the State Court of Cobb County, Georgia.[2]

The following facts are accepted as true for purposes of this motion.[3] Apollo is a manufacturer of aerosol products and specialty chemicals.[4] In 2015, Chris and Maria Callases sold Apollo to Plaze, which reorganized the company and operated Apollo thereafter as either its agent or joint venturer.[5] The Callases retained ownership of the three commercial properties Apollo used for chemical manufacturing and leased these facilities back to Apollo through their holding companies.[6] Specifically, AMC Cobb leased the Smyrna property, AMC Upson leased the Thomaston property, and AMC Whitfield leased the Dalton property.[7]

---

[1] ECF 1.

[2] ECF 1.

[3] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

[4] ECF 1, at ¶ 1.

[5] ECF 1, at ¶¶ 2, 22–36.

[6] ECF 1, at ¶¶ 2–3.

[7] ECF 1, at Exs. A-C. Unless otherwise noted, the Smyrna, Thomaston, and Dalton leases are substantially identical as to the clauses relevant to the resolution of this motion. For the purposes of this motion, the Court will cite to the Smyrna lease between AMC Cobb and Apollo when referring to specific provisions of the leases [ECF 1, at Ex. A].

The Smyrna lease expired on December 14, 2017; the Thomaston lease expired on December 14, 2016; and the Dalton lease will expire on December 14, 2020.[8]

According to the Complaint, Apollo violated each of the lease agreements and caused significant damage to the properties and surrounding areas by failing to keep the properties in good condition and failing to safely handle hazardous chemicals.[9] The Complaint alleges numerous issues with the properties—many of which concern potentially severe environmental contamination problems. Those issues allegedly include, but are not limited to: the improper handling of a chemical spill at the Smyrna property;[10] the failure to maintain air conditioning units and fans at the Thomaston property, as well as the "ransacking" of the Thomaston facility upon the termination of the lease;[11] and the dumping of hazardous chemicals onto the open ground at the Dalton property.[12] Plaintiffs seek damages for the breach of the three leases, the tort claims (including punitive

---

[8] ECF 1, at ¶ 46. Apollo ceased all operations at the Smyrna and Thomaston facilities prior to the expiration of the respective leases but maintains active operations at the Dalton facility [ECF 1, at ¶¶ 6, 74–76].

[9] ECF 1, at ¶ 4.

[10] ECF 1, at ¶¶ 4, 51.

[11] ECF 1, at ¶¶ 66, 73.

[12] ECF ¶¶ 6, 74–76, 145, 152.

damages), and attorneys' fees.[13]

On March 15, 2019, Defendants filed a Partial Motion to Dismiss Plaintiffs' Complaint, arguing that Plaintiffs' tort claims for trespass, nuisance, and negligence (Counts III–V, VIII–X, and XIII–XV) must be dismissed because they are barred by Georgia's economic loss rule.[14] Alternatively, Defendants argue that (1) Plaintiffs' trespass claims must be dismissed because Defendants had authority to enter and use the properties under the relevant lease agreements;[15] and (2) Plaintiffs' claims for nuisance relating to the Smyrna and Thomaston properties must be dismissed because Plaintiffs fail to allege that Defendants engaged in any continuous or repetitious injurious acts at those properties, as required to maintain this cause of action.[16] Plaintiffs responded to the motion on April 12, 2019;[17] Defendants replied on May 3, 2019.[18]

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a

---

[13] ECF 1, at ¶ 170.

[14] ECF 5, at 6–8.

[15] ECF 5, at 11.

[16] ECF 5, at 12.

[17] ECF 14.

[18] ECF 19.

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th 2010) (*quoting Twombly*, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (*citing Twombly*, 550 U.S. at 556). "A complaint does not state a facially plausible claim for relief if it shows only a sheer possibility that the defendant acted unlawfully." *Waters Edge Living, LLC v. RSUI Indem. Co.*, 355 F. App'x 318, 322 (11th Cir. 2009). A complaint must also present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (*quoting Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (*quoting Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

#### A. Georgia's Economic Loss Rule

Defendants argue that Plaintiffs' tort claims against Apollo should be dismissed because they are barred by Georgia's economic loss rule.[19] Georgia's economic loss rule derives from O.C.G.A. § 51-1-11(a), which states:

> [I]f the tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract, except in cases where the party would have a right of action for the injury done independently of the contract.

Generally, the economic loss rule provides that "a contracting party who suffers purely economic losses must seek his remedy in contract and not in tort." *Gen. Elec. Co. v. Lowe's Home Ctrs., Inc.*, 279 Ga. 77, 78 (2005). *See also Unified Servs., Inc. v. Home Ins. Co.*, 218 Ga. App. 85, 87–88 (1995) ("If there is no liability except

---

19   ECF, at 6-9.

that arising out of a breach of the express terms of the contract, the action must be in contract, and an action in tort cannot be maintained.") (*quoting Commercial Bank & Trust Co. v. Buford*, 145 Ga. App. 213, 214–15 (1978)); *Hanover Ins. Co. v. Hermosa Const. Grp., LLC*, 57 F. Supp. 3d 1389, 1395 (N.D. Ga. 2014) ("The economic loss rule provides that a plaintiff may not recover in tort for purely economic damages arising from a breach of contract.").

Notwithstanding its relatively expansive reach, there are instances where the economic loss rule does not apply. For example, the economic loss rule does not bar claims where the plaintiff identifies a statutory or common law duty that would have applied regardless of the existence of an underlying contract. *Murray v. ILG Technd.*, 378 F. Supp. 3d 1227, 1243 (S.D. Ga. 2019); *Hanover Ins. Co.*, 57 F. Supp. 3d. at 1396. This Court has interpreted the term "independent duty" to mean "separate and capable of standing alone" so that the "plaintiff could have asserted the breach of contract claim or the tort claim alone, because the claims were self-sufficient" and "not dependent on each other." *Gross v. Conn. Gen. Life Ins. Co.*, No. 1:04-CV-1000-WSD, 2005 WL 8155650, at *5 (N.D. Ga. Sept. 1, 2005).

Additionally, the economic loss rule does not apply to claims where a plaintiff seeks to recover damages for harm to his person or property, because the duty breached in such situations generally arises independently. *Murray*, 378

F. Supp. 3d at 1244 (*citing Bates & Assocs., Inc. v. Romei*, 207 Ga. App. 81, 83 (1993)). The conduct must also be a "misfeasance rather than a nonfeasance in failing to perform the contract for a tort to arise." *Nw. Plaza, LLC (MI) v. Ne. Enters., Inc.*, 305 Ga. App. 182, 192 (2010) (citation omitted).[20]

### B. The Economic Loss Rule Does Not Bar Plaintiffs' Tort Claims.

Defendants argue that Plaintiffs' tort claims must be dismissed because "Plaintiffs only seek economic losses stemming from damage to property that *is* the subject of the underlying lease agreements between Plaintiffs and Apollo . . . [and] Plaintiffs can already pursue their sought-after damages through breach of contract claims asserted in the Complaint."[21] Further, assuming an independent legal duty among the parties, Defendants argue that Plaintiffs allege only nonfeasance, not misfeasance as required under Georgia law.[22]

The economic loss rule does not serve as a bar to Plaintiffs' tort claims because each of them (1) arise under an independent duty from the underlying lease agreements between the parties; (2) allege harm to Plaintiffs' property; and

---

[20] Georgia courts have recognized two additional exceptions to the economic loss rule – the misrepresentation exception and the accident exception – neither of which are applicable here. *Home Depot U.S.A., Inc. v. Wabash Nat. Corp.*, 314 Ga. App. 360, 366–67 (2012).

[21] ECF 19, at 5–6 (emphasis in original).

[22] ECF 19, at 7.

(3) sufficiently allege misfeasance, rather than nonfeasance, in failing to perform the contract.

Defendants cite to *Silverpop Sys., Inc. v. Leading Market Technologies, Inc.*, No. 1:12-CV-2513-SCJ, 2014 WL 11164763 (N.D. Ga. Feb. 18, 2014), *aff'd*, 641 F. App'x 849 (11th Cir. 2016) and *Home Depot U.S.A., Inc. v. Wabash National Corp.*, 314 Ga. App. 360, 366 (2012), for the proposition that a "contracting party can only recover in tort those economic losses resulting from an injury to his person or damage to property that is ***not*** the subject of the contract."[23] However, *Silverpop* and *Home Depot* are not as expansive as Defendants would like them to be and do not stand for the proposition that tort claims must *always* succumb to an underlying contract claim. Where, as here, the Plaintiffs allege tort claims for damage to their property caused by misfeasance that arise from statutory or common law duties independent of the contractual terms, the economic loss rule does not serve as a bar to those claims.

    **i.    Trespass**

Georgia law defines a trespass as "any wrongful, continuing interference with a right to the exclusive use and benefit of a property right." *Tingle v. Jones*,

---

23   ECF 5-1, at 7 (emphasis in original).

249 Ga. App. 654, 656 (2001). *See also* O.C.G.A. § 51-9-1 ("The right of employment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie."). The parties do not dispute that Defendants had the lawful right under the lease agreements to enter and to use the three properties for their chemical manufacturing operations.[24] A claim for trespass may exist even if there is a contract between the parties involving occupancy, as "[t]he tenant has no rights beyond the use of the land and tenements rented to him . . . [t]he tenant who exceeds his rights becomes a trespasser." *Henderson v. Easters*, 178 Ga. App. 867, 870 (1986).

Here, Plaintiffs argue that while Defendants were lawfully permitted under the lease agreements to enter and to use the facilities, Defendants exceeded their rights by committing certain actions at each facility, thus becoming trespassers.[25] Under similar factual circumstances, Georgia courts have permitted a tort claim by a landowner against a tenant independent of any contractual arrangement. *Sheppard v. Yara Eng'g Corp.*, 248 Ga. 147, 149 (1981) ("Since the mineral lease . . . does not authorize the removal of the topsoil and overburden from the owner's

---

[24] ECF 5, at 11–12.

[25] ECF 14, at 10–11.

premises and makes no provisions otherwise, the removal of it from the premises states a claim for the tort of conversion, if not trespass . . . [t]he duty not to remove topsoil and overburden from Sheppard's land arises not from any contractual provisions, but from his common law property rights in the soil in which he has not given the defendants any claim by contract."); *Sprayberry Crossing P'ship v. Phenix Supply Co.*, 274 Ga. App. 364, 365 (2005) (holding "[a] property owner may bring an action for nuisance and trespass against one who contaminates his property with a hazardous substance"); *Golden Pantry Food Stores, Inc. v. Lay Bros., Inc.*, 266 Ga. App. 645, 650 (2004) (contamination of leased property by tenant with hazardous materials supported tort claims for nuisance and continuing trespass).

These cases demonstrate that, notwithstanding Defendants' contractual access to the three properties under the terms of the lease agreements, Plaintiffs' trespass claims are not barred by the economic loss rule because an independent duty to not commit trespass exists under Georgia law.

### ii. Nuisance

"To recover under a nuisance claim, the plaintiff must show the existence of the nuisance complained of, that he or she has suffered injury, and that the injury complained of was caused by the alleged nuisance." *Bord v. Hillman*, 335 Ga. App. 18, 21 (2015) (internal citations omitted). *See* O.C.G.A. § 41-1-4 ("A private nuisance

may injure either a person or property, or both, and for that injury a right of action accrues to the person who is injured or whose property is damaged."); *Golden Pantry Food Stores*, 266 Ga. App. at 650 (stating soil contamination constitutes nuisance). This body of statutory and common law provides Plaintiffs with a cause of action for nuisance to remedy Defendants' alleged wrongdoing that is independent of the lease agreements.

### iii. Negligence

Plaintiffs' negligence claims likewise arise under a duty of care independent of those set forth in the underlying lease agreements. Under Georgia law, there exists a recognized common law duty "not to negligently and wrongfully injure and damage the property of" another. *Unger v. Bryant Equip. Sales & Servs., Inc.*, 255 Ga. 53, 54 (1985) (*quoting Monroe v. Guess*, 41 Ga. App. 697, 700 (1930); *E & M Constr. Company, Inc. v. Bob*, 115 Ga. App. 127, 128 (1967)). Thus, Plaintiffs' negligence claims, like Plaintiffs' trespass and nuisance claims, are not premised on the underlying contractual rights and obligations between the parties, so the economic loss rule does not bar them.

### iv. Misfeasance Properly Alleged

Finally, Plaintiffs adequately allege that Defendants' actions constituted misfeasance, not merely nonfeasance or non-performance of the lease agreements:

- "At the Smyrna plant . . . Plaze and Apollo wrongfully discharged approximately 2,300 gallons of harsh carburetor fluid – a [sic] environmentally Hazardous Material – into a local creek . . . a Plaze and Apollo representative *hosed* the harsh chemical *directly into a storm drain and thus into the creek*."[26]

- "Plaze and Apollo ransacked the Thomaston plant before the expiration of the lease . . . Plaze and Apollo essentially stripped the plant of anything valuable, such as lights, fire extinguishers, and electrical outlets."[27]

- "Plaze and Apollo continue to dump hazardous chemicals onto open grounds at the Dalton premises."[28]

These allegations indicate affirmative conduct by Defendants that go beyond any mere non-performance under the terms of the underlying lease agreements. Thus, the economic loss rule does not bar Plaintiffs' tort claims against Defendants as alleged.[29]

---

[26] ECF 1, at ¶ 4 (emphasis in original).

[27] ECF 1, at ¶ 5.

[28] ECF 1, at ¶ 6.

[29] Defendant Plaze further argued that it could not be held vicariously liable as Defendant Apollo's principal or joint venturer if the underlying tort claims

### C. Plaintiffs Sufficiently Allege Claims For Trespass.

Defendants argue that Plaintiffs' trespass claims (Counts III, VIII, and XIII) should be dismissed on the additional ground that Defendants had the authority to enter and use the properties at issue.[30]

It is undisputed that the lease agreements granted Defendants lawful permission to enter and use the properties. Nevertheless, as discussed above, it is plausible for a lease tenant to commit trespass under Georgia law when the tenant exceeds its rights under the lease agreement. *See* Section B.i., *supra*; *Sheppard*, 248 Ga. at 149; *Golden Pantry Food Stores, Inc.*, 266 Ga. App. at 650; *Sprayberry Crossing P'ship*, 274 Ga. App. at 365. *See also Twombly*, 550 U.S. at 570 (complaint must state claim for relief that is plausible on its face).

In their reply brief, Defendants raise new arguments on why the trespass claims related to the Smyrna and Dalton properties in particular should be dismissed: (1) Plaintiffs have not sufficiently alleged "intentional" conduct; and (2) the alleged wrongful conduct on these properties (spillage of hazardous material) was already contemplated by the underlying lease agreements, so it

---

against Apollo are barred under the economic loss rule [ECF 5, at 9–11]. Given the Court's ruling herein on the viability of Plaintiffs' tort claims, Defendant Plaze's argument is denied as well.

[30] ECF 5, at 11–12.

cannot constitute trespass.[31] The Court may decline to consider new arguments raised in a reply brief where the opposing party had no opportunity to respond. *Newsome ex rel. Bell v. Barnhart*, 444 F. Supp. 2d 1195, 1203 (M.D. Ala. 2006). *See also Reliance Ins. Co. of Ill., Inc. v. Richfield Hosp. Servs., Inc.,* 92 F. Supp. 2d 1329, 1332 (N.D. Ga. 2000) ("In general, a court should not consider arguments raised for the first time in a reply brief.").

Nevertheless, Defendants' additional arguments for seeking dismissal of the trespass claims relating to the Smyrna and Dalton properties fail in any event. As discussed in Section B.iv. *supra*, Plaintiffs' Complaint sufficiently alleges acts of intentional misfeasance by Defendants at these properties.[32] The fact that the Plaintiffs may not have explicitly used the word "intentional" in the Complaint does not justify rigid dismissal of their trespass claims. *See FindWhat Inv'r Grp.*, 658 F.3d at 1296 (at motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff").

Nor do the terms of the underlying lease agreements, which contemplate the potential for spillage of hazardous material on the Smyrna and Dalton

---

[31]   ECF 19, 10–11.
[32]   ECF 1, at ¶¶ 4, 6.

properties, serve as a legal bar to Plaintiffs' trespass claims. *See* Section B.1., *supra*; *Sheppard*, 248 Ga. at 149; *Golden Pantry Food Stores, Inc.*, 266 Ga. App. at 650; *Sprayberry Crossing P'ship*, 274 Ga. App. at 365. Whether and to what extent Defendants exceeded their permission to enter and use the properties as contemplated by the underlying lease agreements, and therefore may have trespassed, is a factual determination that is not ripe to adjudicate at the pleading stage. *See Handberry v. Stuckey Timberland, Inc.*, 345 Ga. App. 191, 195 (2018) ("[I]f the decedent's use of the property was for anything other than an authorized purpose, it was wrongful, making him a trespasser."). *See also Twombly*, 550 U.S. at 570 (complaint must state claim for relief that is plausible on its face).

Therefore, Plaintiffs' trespass claims do not warrant dismissal.

### D. Plantiffs Sufficiently Allege Claims For Nuisance Relating To The Smyrna And Thomaston Properties.

Defendants argue that Plaintiffs' nuisance claims relating to the Smyrna and Thomaston properties (Counts IV and IX) should be dismissed on the additional ground that Plaintiffs fail to allege a continuous or repetitious injurious act as to those properties, which is required for the claims to stand. "A private nuisance may injure either the person or property, or both, and in either case a right of action accrues to the person injured or damaged . . . [t]he whole idea of nuisance is that of either a continuous or regularly repetitious act or condition which causes the

hurt, inconvenience or injury." *Liquid Fertilizer Co. v. Chapman*, 103 Ga. App. 773, 775 (1961); *See also Ingram v. Baldwin Cty.*, 149 Ga. App. 422, 423 (1979) ("A single isolated occurrence or act, which if regularly repeated would constitute a nuisance, is not a nuisance until it is regularly repeated.").

For the Smyrna property, Plaintiffs allege that Defendants negligently installed a seal on a chemical-mixing tank that caused carburetor fluid to leak from the tank over several days, releasing approximately 2,300 gallons of hazardous chemicals onto the premises and surrounding area.[33] They further contend that after the spill, Defendants hosed the hazardous chemicals directly into a storm drain, which led into a local creek and contaminated the entire area.[34] Defendants assert dismissal is appropriate because "Plaintiffs have at most alleged a single chemical spill" and do not "identity or reference any other spill or similar occurrence that could show regularly repeated actions . . . ."[35]

At this preliminary pleading stage, Plaintiffs have sufficiently alleged a continuing contamination of the Smyrna property to state a plausible claim for the tort of nuisance. Plaintiffs need not allege repeated chemical spills, as continuous

---

33    ECF 1, at ¶¶ 48–49.

34    ECF 1, at ¶¶ 50–53.

35    ECF 5, at 13 (internal citations omitted).

harm stemming from only one incident is sufficient to state a claim. *See Hoffman v. Atlanta Gas Light Co.*, 206 Ga. App. 727, 729–30 (1992) ("We conclude it is the appellees who are confused as to what the nuisance is in this case . . . [t]he old holes in this pipeline are not the nuisance; the nuisance is the continuing exudation and leaching of chemicals into the ground from the contaminants deposited long ago through the leaks."); *Golden Pantry Food Stores*, 266 Ga. App. at 650 ("Hydrocarbon contamination constitutes nuisance and continuing trespass even after leaks have been fixed.") (*citing Hudgins & Co. v. J & M Tank Lines*, 215 Ga. App. 308, 309 (1994)).

With regard to the Thomaston property, Plaintiffs allege that Defendants "ransacked" the facility and either stole items or caused varying levels of damage to the property.[36] Defendants maintain these allegations do not qualify as "regularly repeated" activities sufficient to sustain a nuisance claim.[37]

As Plaintiffs recognize, each and every one of their individualized factual allegations concerning the Thomaston property do not independently support a nuisance claim.[38] However, at least some of their allegations do. For instance,

---

[36] ECF 1, at ¶¶ 64–66.

[37] ECF 5, at 14.

[38] ECF 14, at ¶¶ 18–19.

Plaintiffs' complaint alleges (1) ongoing water damage due to persistent leaking; (2) mold issues; (3) the growth of a "green substance" on the premise; and (4) the presence of potentially hazardous chemicals at the Thomaston property.[39] These claims plausibly constitute the tort of nuisance under Georgia law. *Hoffman*, 206 Ga. App. at 729–30; *Golden Pantry Food Stores,* 266 Ga. App. at 650. This is all that is required at the pleading stage. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570).

Therefore, Plaintiffs' nuisance claims with regard to the Smyrna and Thomaston properties do not warrant dismissal as alleged.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Partial Motion to Dismiss [ECF 5] is **DENIED.**

**SO ORDERED** this the 11th day of December 2019.

                                              Steven D. Grimberg
                                   United States District Court Judge

---

[39] ECF 1, at ¶ 66(e), (f), (n), (x).